**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**
_____

**JEFFREY LAMOTHE,**

                    **Plaintiff,**

       **vs.**                                      **5:22-CV-161**
                                                     **(TJM/CFH)**

**COLLEEN BROWN,**

                    **Defendant.**
_____

**JEFFREY LAMOTHE,**

                    **Plaintiff,**

       **vs.**                                      **5:22-CV-162**
                                                     **(TJM/CFH)**

**BANKRUPTCY COURT, et al.,**

                    **Defendants.**

_____

**JEFFREY LAMOTHE,**

                    **Plaintiff,**

       **vs.**                                      **5:22-CV-163**
                                                     **(TJM/CFH)**

**BANKRUPTCY COURT, et al.,**

                    **Defendants.**

_____

1

**JEFFREY LAMOTHE,**

                         **Plaintiff,**

        **vs.**                                   **5:22-CV-164**
                                                 **(TJM/CFH)**

**HEATHER COOPER, et al.,**

                         **Defendants.**

_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

### DECISION & ORDER

The Court referred these *pro se* civil actions to Magistrate Judge Christian F. Hummel for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff proceeds *pro se* and *in forma pauperis*.  While these cases involve different Defendants and are filed under different document numbers, the Complaints in each of the above-captioned matters are identical in substance.  Plaintiff appears to raise claims related to a bankruptcy filing he initiated around 2009.  He apparently alleges that the conduct of his attorneys, the court, and others involved in the bankruptcy proceeding violated his rights.  He seeks substantial money damages.

Judge Hummel gave the Complaint an initial review pursuant to 28 U.S.C. § 1915 because Plaintiff seeks to proceed *in forma pauperis*.  Judge Hummel issued a Report-Recommendation on January 19, 2023.  Judge Hummel recommends that the cases be consolidated and the Complaint be dismissed.  Judge Hummel notes that Plaintiff

2

commenced all four of these actions on the same day, filing complaints that are "essentially identical." Since the four actions contain common questions of law and fact, Judge Hummel recommends that they be consolidated. Judge Hummel also recommends that all four Complaints be dismissed without prejudice to amendment in certain respects. Judge Hummel finds that Plaintiff has not specified a basis for the Court's jurisdiction, but notes that Plaintiff may be able to assert diversity jurisdiction in this matter. He resides in New York and the Defendants reside in Vermont. He alleges an amount in controversy that far exceeds $75,000. Judge Hummel also finds that a generous reading of the Complaint may indicate that Plaintiff intends to assert that Defendants violated his constitutional rights, which could implicate subject-matter jurisdiction.

Whatever the basis for federal jurisdiction, Judge Hummel also finds that the Complaint fails to comply with Rules 8, 10 and 20 of the Federal Rules of Civil Procedure. The filing is so confused, ambiguous, and vague as to make it unintelligible. The Complaint contains no facts to help the Court or a defendant understand the basis for Plaintiff's claims. He does not point to any laws that he claims Defendants violated, though he makes vague references to breaches of contract, racketeering, corruption, and other wrongs. He does not explain how Defendants engaged in such conduct. Plaintiff names several Defendants in the case caption who are not named anywhere else in the Complaint. Plaintiff's Complaint also violates Rule 20, Judge Hummel concludes, because he brings "multiple, unconnected claims against various unrelated defendants." Giving the Complaint a generous reading, Judge Hummel finds that Plaintiff may be attempting to bring legal malpractice claims against the law firm that represented him in his bankruptcy, and that such claims may be viable if the statute of limitations can be equitably tolled.

3

Judge Hummel also finds that Plaintiff may be able to avoid judicial immunity and plead a misconduct claim against the Bankruptcy Judge who oversaw his case.  Judge Hummel also finds that any attempt by Plaintiff to challenge the outcome of his bankruptcy proceeding should be dismissed without prejudice and without leave to amend.  Judge Hummel further recommends that Section 1983 due process and Fourth Amendment destruction of property claims and state-law eviction claims be dismissed with leave to amend.  To the extent that Plaintiff seeks to raise criminal claims against the various Defendants, however, Judge Hummel recommends dismissal with prejudice, as he does with any contract claims.  He also recommends dismissal with prejudice of any claims for money damages brought against individual defendants in their official capacities.

Plaintiff responded to the Report-Recommendation by filing a variety of documents in the various cases.  In case number 5:22cv163, for instance, Plaintiff filed a copy of the original Complaint.  Compare dkt. # 1-1 and dkt. # 10 in Case No. 5:22cv163.  He also filed a "motion for summary judgment" that seeks "[s]ummary judgment to be paid to myself . . . five million dollars no later than ten days."  See dkt. # 11 in Case No. 5:22cv161,  5:22cv163.  Plaintiff offers no argument as to why he is entitled to summary judgement.  Id.  Plaintiff followed the same procedures in the other three cases.  See dkt. #s 10, 11 in Case No. 5:22cv161, Case No. 5:22cv162, and Case No. 5:22cv164.

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  FED. R. CIV. P. 72(b)(2).  A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  FED. R. CIV. P. 72(b)(3).  "A district court

evaluating a magistrate's report may adopt those portions of the report to which no 'specific, written objection' is made, as long as those sections are not clearly erroneous." B&G Plastics, Inc. v. E. Creative Indus., 269 F.Supp.2d 450, 452 (S.D.N.Y. 2003) (quoting FED. R. CIV. P. 72 (b)).  Courts apply the "clearly erroneous" standard "when the objections are nonspecific or 'merely perfunctory responses . . . argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original'" pleading. Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (quoting Edwards v. Fischer, 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006)).  "Clear error is present when 'upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed.'" Meimaris v. Royce, No. 18 Civ. 4363, 2019 U.S. Dist. LEXIS 164414 at *8, (S.D.N.Y. Sept. 25, 2019) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

Normally, given Plaintiff's *pro se* status, the Court would consider the documents that Plaintiff filed as objections to the Report-Recommendation and undertake a *de novo* review to the parts of the Report-Recommendation to which Plaintiff objected.  Here, however, the documents that Plaintiff filed do not even address Judge Hummel's findings and are so unspecific that the Court can make no sense of the arguments that Plaintiff seeks to make.  Under those circumstances, the Court need not undertake a *de novo* review of Judge Hummel's conclusions.  After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice and the Court will accept and adopt the Report-Recommendation for the reasons stated therein.  Even if the Court were to provide a *de novo* review, the Court

would reach the same conclusion about the sufficiency of the pleading.

Accordingly,

The Report-Recommendations of Judge Hummel, dkt. #s 9 in Case No. 5:22cv161, #9 in Case No. 5:22cv162, #9 in Case No. 5:22cv163, and #9 in Case No. 5:22cv163, are hereby **ACCEPTED** and **ADOPTED**.  Case Nos. 5:22cv162, 5:22cv163, 5:22cv163, and 5:22cv164 are hereby **CONSOLIDATED**.  The Complaint is hereby **DISMISSED WITH PREJUDICE IN PART** and **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**, as follows:

1.   Plaintiff's claims, insofar as they attempt to raise any criminal claims, are hereby **DISMISSED WITH PREJUDICE**;

2.   Any potential Section 1983 claims that seek money damages against Defendants Judge Colleen Brown, the United States Trustee, and the Vermont Attorney General in their official capacities are hereby **DISMISSED WITH PREJUDICE**;

3.   Plaintiff's contempt of court claims are hereby **DISMISSED WITH PREJUDICE**;

4.   Plaintiff's claim for legal malpractice against Judge Colleen Brown is hereby **DISMISSED WITH PREJUDICE**;

5.   Plaintiff's attempt to appeal or otherwise seek review of the outcome of his 2009 bankruptcy proceeding is hereby **DISMISSED WITHOUT PREJUDICE AND WITHOUT AN OPPORTUNITY TO AMEND**; and

6.   The remainder of the Complaint is hereby **DISMISSED WITHOUT**

6

**PREJUDICE**.

Plaintiff shall provide an amended pleading for the consolidated cases within 21 days of the date of this order.  If Plaintiff fails to file an amended pleading within the time specified by the Court, the Clerk of Court is directed to CLOSE the case without further order of the Court.

PLAINTIFF IS REMINDED THAT NO PORTION OF HIS PRIOR COMPLAINT SHALL BE INCORPORATED BY REFERENCE INTO HIS AMENDED COMPLAINT.  ANY AMENDED COMPLAINT SUBMITTED BY PLAINTIFF MUST SET FORTH ALL OF THE CLAIMS HE INTENDS TO ASSERT AGAINST THE DEFENDANT[S] AND MUST DEMONSTRATE THAT A CASE OR CONTROVERSY EXISTS BETWEEN THE PLAINTIFF AND THE DEFENDANT[S] WHICH PLAINTIFF HAS A LEGAL RIGHT TO PURSUE AND OVER WHICH THIS COURT HAS JURISDICTION.  IF PLAINTIFF INTENDS TO ALLEGE THAT DEFENDANT VIOLATED A LAW, HE MUST SPECIFICALLY REFER TO THAT LAW.

The Court notes that Plaintiff has filed a number of cases in the District of Vermont that are, like this case, almost completely indecipherable, unsupported by any cognizable legal theory, and aimed at parties not amenable to suit.  Filing numerous frivolous complaints that lack any support in law or fact drains the resources of the Court and undermines the efficient administration of justice.  A court may prohibit an individual from filing new actions in the venue where he or she "abuse[s] the process of the [c]ourts to harass and annoy others with meritless, frivolous, vexatious[,] or repetitive [filings]." In re Hartford Textile Corp., 659 F.2d 299, 305 (2d Cir. 1981).  In light of his filing of groundless lawsuits, Plaintiff is warned that future frivolous filings in this District may result in a filing

injunction.

**IT IS SO ORDERED.**

Thomas J. McAvoy
Senior, U.S. District Judge

**Dated: May 8, 2023**